NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
: Chapter 13
In re: :
: Case No. 18-10460   (CGM)
    Ingrid Olsen, :
:
                              Debtor. :
:
------------------------------------------------------------X

### DECISION DENYING DEBTOR'S MOTION TO RECONSIDER UNDER FRCP 60(b)

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Under FRBP 9024 and FRCP 60(b), Ingrid Olsen ("Debtor") has moved to reconsider (ECF No. 288) this Court's April 22, 2021 Order that dismissed her chapter 13 case. The Debtor seeks to reinstate her chapter 13 case and requests that her amended plan be confirmed. The Bank of Greene County, Four Thirty Realty, LLC, and the chapter 13 Trustee filed opposition. (ECF Nos. 291, 295 and 296).

### Jurisdiction

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 157(a) and 1334(b), the District Court's Standing Order of Reference dated July 10, 1984, and the Amended Standing Order of Reference dated January 31, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(A) ("matters concerning the administration of the estate"). This Court has "jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934)).

## Background

On February 22, 2018, the Debtor filed for chapter 13 relief. On March 15, 2021, the chapter 13 Trustee filed a Motion to Dismiss the Debtor's case. (ECF No. 269). The Trustee's basis for dismissal cited the unreasonable delay by the Debtor that occurred over a period of three years. The Trustee argued that this delay was prejudicial to creditors. *See* 11 U.S.C. § 1307(c)(1). Over this three-year period, the Debtor failed to address the objections filed by Bank of Greene County and Four Thirty Realty, LLC. Moreover, the Debtor failed to: pay all disposable income into the Plan as required by 11 U.S.C. §1325(b)(1)(B); and provide the Trustee with copies of filed 2018 and 2019 federal and state tax returns.

On April 13, 2021—two days before the April 15th hearing date—the Debtor filed opposition. (ECF No. 285).[1] The Debtor's untimely papers filed on the eve of the hearing date is a recurring tactic that Debtor's counsel ("Mr. Cains"), has employed on four other occasions. Mr. Cains submitted untimely papers for the past 4 hearing dates. On January 5, 2021, Mr. Cains submitted a reply memorandum of law for the January 7 hearing. On February 2, 2021, Mr. Cains submitted late papers for the February 4, 2021 hearing. Again, for the hearing on March 4, 2021—Mr. Cains submitted documents on March 2, 2021. Despite this, the Court entertained the Debtor's submission and heard oral argument on April 15, 2021.

On April 22, 2021, the Court entered the Order dismissing the Debtor's case. (ECF No. 286). On May 7, 2021, the Debtor filed a Motion to Reconsider. (ECF No. 288). For the reasons stated below, Debtor's Motion to Reconsider is DENIED.

---

[1]    Local Bankruptcy Rule 9006-1(b) provides that answering papers shall be served "not later than seven (7) days before the return date… Untimely papers may be rejected."

## Discussion

Bankruptcy Rule 9024 incorporates Federal Rule of Civil Procedure 60(b), which enumerates the grounds for relief from a final judgment, order or proceeding: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for," a variety of reasons including:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b)
> (3) fraud, misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The burden on the moving party is heavy and movant must show that "exceptional circumstances" exist to grant relief. *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994). The Debtor's Motion fails to satisfy 60(b)'s heavy burden. The Debtor does not state which prong under 60(b) she seeks relief under. Her Motion fails to point to any mistake in law or fact that influenced this Court's prior dismissal order. Rather, the Debtor simply argues that she made payments to the chapter 13 Trustee totaling $29,000, which is sufficient to pay all unsecured claims of $13,380.34. Moreover, the Debtor argues that there are no viable objections to confirmation. The Debtor also states that she recently submitted her taxes to the Trustee.

The Court is not persuaded. The Debtor had three years to confirm her plan and failed to do so. The Court correctly held that there was an unreasonable delay that prejudiced creditors and dismissal was appropriate under 11 U.S.C. § 1307(c)(1). The Debtor also failed to provide the chapter 13 Trustee a copy of her 2018 and 2019 federal and state income tax returns under 11 U.S.C. § 521(e)(2)(A)(i). *See In re Burgos*, 476 B.R. 107, 111 (Bankr. S.D.N.Y. 2012)

(holding that the debtor's failure to file tax returns with the chapter 13 trustee constituted cause for dismissal under § 1307(c)(1)).

## Conclusion

For the foregoing reasons, the Debtor's Motion is DENIED. The Court will issue a separate order.



**Dated: June 23, 2021**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**

Page **4** of **4**